THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CORWIN LENNIX,** | * | CIVIL ACTION NO.: |
| **Plaintiff,** | * | SECTION: |
| Versus | * | JUDGE: |
| **PINNACLE POLYMERS** | * | MAG. JUDGE |
| **Defendant.** | * | JURY DEMAND |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Corwin Lennix, who respectfully submits this Complaint and avers the following.

## PARTIES

1. Plaintiff, Corwin Lennix (hereinafter "Mr. Lennix" or "Plaintiff"), a person of the full age of majority, and domiciled in St. John the Baptist Parish, State of Louisiana.

2. Made Defendant is Pinnacle Polymers (hereinafter "Pinnacle," "employer" or "Defendant"), a non-Louisiana limited liability company with a domicile address at 1209 Orange Street, Wilmington, Delaware 19801 and a principal business establishment in Louisiana located at 1 Pinnacle Avenue, Garyville, Louisiana 70051.

## JURISDICTION & VENUE

3. This court has jurisdiction over this proceeding under 28 U.S.C. § 1331, as Plaintiff's claims arise under the federal law. Additionally, the Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Venue is proper in the Eastern District of Louisiana, as a substantial part of the events or omissions giving rise to the claim occurred in this District or otherwise in accordance with 28 U.S.C. § 1391.

## FACTS

4. On or about April 2, 2020, Mr. Lennix felt ill while at work.

5. His manager took his temperature, presumably as a precautionary measure because of the COVID-19 pandemic, and informed Mr. Lennix that if he felt ill the following day that he should not return to work.

6. That afternoon, after work, Mr. Lennix sought care from his doctor.

7. Keneitra Brown-Mayfield, PAC at Bausey Urgent Care informed Mr. Lennix that he did not have a fever but that his oxygen saturation was low.

8. Mr. Lennix was given an order for a chest x-ray and was instructed to follow up the following day for COVID testing.

9. As requested by his employer, on or about April 3, 2020, Mr. Lennix was tested for COVID at Gulf Coast Occupational Medicine via a rapid test.

10. On this same day, Mr. Lennix was informed that he tested positive for COVID-19.

11. Gulf Coast Occupational Medicine also proceeded to inform Mr. Lennix's employer that his test results came back positive.

12. As a result of the positive test results, Mr. Lennix was required to quarantine for 14 days.

13. The PAC at Bausey Urgent Care also informed Mr. Lennix to quarantine for 14 days.

14. Additionally, Mr. Lennix's employer suggested that he quarantine for 14 days.

15. Based on these recommendations, Mr. Lennix quarantined for 14 days.

16. During these 14 days, while Mr. Lennix was not working, Mr. Lennix was paid his regular pay.

17. On or about April 13, 2020, Kathleen (last name unknown), a human resources employee, and Charles Anderson told Mr. Lennix that he could return to work after he tested

negative for COVID-19.

18. Mr. Lennix was told this same information again on or about April 17, 2020.

19. Mr. Lennix informed Conner Ingram, a human resources employee, that he would get tested again on or about April 20, 2020 to confirm whether or not he tested positive for COVID-19.

20. Then, on April 20, 2020, Mr. Lennix again tested for COVID-19, and on April 21, 2020, he was informed that he tested negative.

21. On or about April 20, 2020, Mr. Ingram called Mr. Lennix and informed him he was terminated "for putting other employees in jeopardy."

22. On or about April 28, 2020, Mr. Lennix received a letter dated April 21, 2020 which states the following: "Effective April 21, 2020… the base of termination is violation of policy and deception which was detrimental to the health of employees and put the employees at risk."

23. Upon information and belief, Defendant's reasons for termination are known to be false.

24. In fact, Mr. Lennix was terminated for attempting to take time off under the Families First Coronavirus Response Act, a law Congress recently passed to address the COVID-19 outbreak.

25. Rather than allow Mr. Lennix to quarantine for 14 days and return to work after the required quarantine, Defendant responded in a retaliatory fashion.

26. Additionally, Mr. Lennix did not place any of Defendant's employees' health in jeopardy as alluded to his letter of termination.

27. Rather, Mr. Lennix followed Defendant's instructions and doctors' orders by immediately leaving work, seeking care, and quarantining.

## FAMILY MEDICAL LEAVE ACT ("FMLA") and FAMILIES FIRST CORONAVIRUS RESPONSE ACT ("FFCRA")

28. All foregoing allegations are incorporated herein by reference.

29. Defendant violated Plaintiff's rights under the FMLA and the FFCRA.

30. Defendant is an "employer," and Plaintiff is a qualified "employee" for purposes of the FMLA, 29 U.S.C. § 2601, et seq.

## FFCRA

31. All foregoing allegations are incorporated herein by reference.

32. Congress passed the FFCRA in March of 2020, requiring employers with 500 or fewer employees to provide workers up to two weeks off at full pay, subject to certain caps, if directly affected by the virus.

33. Defendant has less than 500 workers and is subject to the law.

34. Defendant paid Plaintiff during his two weeks of quarantine, as required under the FFCRA; however, immediately after paying Plaintiff for this time off, he was terminated.

35. Defendant unlawfully retaliated and otherwise discriminated against Plaintiff based on conduct protected by the FFCRA.

36. Defendant's conduct was not in good faith and Defendant did not have reasonable grounds for believing it did not violate the FFCRA.

37. Plaintiff's wrongful termination was the direct and proximate cause of Plaintiff suffering the loss of his job and job-related benefits, such as income, and subjected him to emotional distress and other damages and injuries.

38. Plaintiff is entitled to damages from Defendant under the FFCRA, including: compensatory damages, as well as reasonable attorney's fees and costs, and for all other just and proper relief.

39. Because Defendant's actions were knowing, intentional, willful, wanton, and in direct violation of Plaintiff's federally protected rights pursuant to the FMLA and the FFCRA, Plaintiff is entitled to liquidated damages.

## JURY DEMAND

40. Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, having set forth in his Complaint, Plaintiff requests that he be awarded all available relief under the FMLA and FFCRA.

Respectfully submitted,

SANGISETTY LAW FIRM, LLC

*/s/ Ravi Sangisetty*
Ravi K. Sangisetty, BAR NO. 30709
3914 Canal Street
New Orleans, Louisiana 70119
Telephone: 504-662-1016
Facsimile: 504-662-1318
rks@sangisettylaw.com
ATTORNEYS FOR PLAINTIFF

**\*\*\*SERVICE WILL BE ACCOMPLISHED THROUGH WAIVER\*\*\***